## WALKER v. BIGGS et al.

## PILGRIM v. SAME.
### Nos. 459, 402.

District Court, E. D. Tennessee, S. D.
July 2, 1946.

See also 2 F.R.D. 493.

John S. Wrinkle, of Chattanooga, Tenn., for plaintiffs.

Williams & Williams, of Chattanooga, Tenn., for defendants.

DARR, District Judge.

The defendants have motions to consolidate the causes. The questions being the same, one memorandum will suffice. The authority to consolidate is contained in Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This Rule modifies the statute which is codified at 28 U.S.C.A. § 734.

Rule 42(a) extends, or at least clarifies, the authority by providing that actions involving "a common question of law or fact" may be consolidated.

These suits involve common questions of law and fact. In reality the suits are based upon the same causes of action, the only difference appearing to be the allegations of the extent of the alleged wrongdoing.

Consolidation of actions is a matter within the discretion of the Court.

As I understand counsel for the plaintiffs, the insistence is made that the plaintiff Pilgrim was a boy of eighteen without criminal record at the time of the alleged wrongdoing, while the plaintiff Walker was a mature man with a criminal record. Hence, it is argued that to require the Pilgrim case to be tried with the Walker case would tend to prejudice the jury against Pilgrim.

I cannot accede to this view. If the Pilgrim case were tried separately, proof would be admissible as to his association with Walker and practically the same proof in connection with this phase of the case would go to the jury.

My experience has been that juries are much better able to evaluate situations than is thought by some. I believe that a jury could try these cases together in fairness to all concerned and thereby save much time and expense.

The motion to consolidate is granted.

So ordered.